# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL VESCO

       Plaintiff,

vs.                                                                             Civil No. 00-1805 WJ/LCS **ACE**

PAT SNEDECKER, Chief of Security, LCCF,
JOE WILLIAMS, Chief Warden, LCCF,
WACKENHUT CORRECTIONS CORPORATION,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROBERT PERRY, Secretary of Corrections, JOHN
SHANKS, Director of Adult Prisons,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Summary Judgment Motion No. 2, filed November 27, 2001 **(Doc. 68),** based on failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. Plaintiff alleges various federal and state constitutional claims against Defendants. He is presently incarcerated and is represented by counsel.

The bulk of Plaintiff's claims are those pertaining to denial of safety and denial of adequate mental health care. See First Amended Complaint (Doc. 26). These claims stem from an incident involving threats from other inmates. In January 2000, while at the Lea County Correctional Facility ("LCCF"), Plaintiff wrote a letter to the warden about several inmates in his housing unit who were dealing narcotics and "strong arming" other inmates. Somehow the inmates who were mentioned in the letter obtained the letter and threatened to harm the writer once they found out

who he was.  Plaintiff does not implicate Defendants in releasing the letter to other inmates.
According to the undisputed facts, Mr. Vesco thereafter remained in protective custody at LCCF
and any of the other facilities to which he was transferred.[1]

On June 13, 2000, Mr. Vesco cut his forearm while in his cell at LCCF.  He alleges that he
did this because one of the inmates who had threatened him back in January had been placed in
the cell next to his, had begun pounding on the wall common to both cells, and had taunted him.
According to a medical note, the cut was described as a laceration approximately three inches
long, "bleeding easily controlled," and closed with steri-strips.  The note also indicates that
Plaintiff told the treating case worker that he cut his arm solely to be moved out of his cell, See
Mot. for Sum J., Doc. 71, Exs. 4 & 5, although at his deposition, Plaintiff "couldn't say for sure"
if he had said that.  Id., Ex. 1 at 249.  Mr. Vesco contends that in transferring him back to the
LCCF in Hobbs, Defendants placed him in a position where "his life was at the greatest risk and
where he had the most to fear."  First Amended Compl., ¶ 50.  Plaintiff also alleges severe
emotional distress and fear as a result of the incident, upon which he premises his claims of
inadequate mental health care.

At the outset, I note that Plaintiff's counsel has not responded to any of the numerous
dispositive motions filed by Defendants,[2] and that this failure may be deemed as Plaintiff's consent
to the granting of all of Defendants' motions under our local rule, D.N.M.LR-Civ. 7.5(b).
Dismissal without prejudice is also appropriate on Plaintiff's motion to dismiss (Doc. 92) which

---

[1] On February 14, 2000, Plaintiff was transferred to Southern New Mexico Correctional Facility ("SNMCF"); on May 27, 2000 back to Lea County; and on June 14, 2000 to SNMCF again.

[2] See Docs. 64, 66, 71, 73, 75, 77, 79, and 95.

Plaintiff bases on a "conflict of interest" with counsel.[3] However, I find that this case is most expediently addressed through Defendants' motion for summary judgment based on failure to exhaust.[4]

The Prisoner Litigation Reform Act ("PLRA") requires prison inmates to complete the prison administrative process before suing over prison conditions, regardless of whether a plaintiff is suing for injunctive relief or money damages. See Booth v. Churner et al, 531 U.S. 956 (S.Ct. 2001). Exhaustion is not a jurisdictional requirement. See e.g., Abdus-Shahid v. District of Columbia, 278 F.3d 1 (D.C. Cir. 2002) (noting that every circuit to have considered the matter, has held that the PLRA's exhaustion requirement does not operate as a jurisdictional bar); see also Barham v. Uphoff, No. 98-8013, 1998 WL 847689, at *3 (10th Cir. Dec.8, 1998) (noting in footnote that the "clear majority of courts" have concluded that §1997e(a) is not a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction); Massey v. Helman, 196 F.3d 727, 732 (7th Cir.1999). However, exhaustion is mandatory. See Booth v. Churner, 121 S.Ct. 1819, 1824-25 (2001); Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir.2001). The recent Supreme Court decision, Porter v. Nussle. 122 S.Ct. 983 (2002) interpreted the PLRA provision on exhaustion to apply to any type of prisoner claim. In reaching this conclusion, the Court observed that Congress "invigorated" the exhaustion requirement, eliminated "judicial discretion to dispense with exhaustion," and determined that

---

[3] Counsel was invited by the Court to respond to Plaintiff's desire to have his case dismissed. See Court's Order, Doc. 93. Counsel stated that he would have responded had he not been "terminated" by his client. However, responses to all of Defendants' motions were overdue a month *prior* to Plaintiff's request for dismissal. See Doc. 98 at 2.

[4] The grounds for this motion also present appropriately as a motion to dismiss.

3

"resort to a prison grievance process *must* precede resort to a court." Id. at 984 (emphasis added).

Mr. Vesco's claims in his amended complaint are premised on (1) failure to provide adequate mental health care; (2) placement at SNMCF in late May and early June of 2000; and (3) placement in administrative segregation at SNMCF from June of 2000 to June of 2001. There is no evidence that any of these claims have been administratively exhausted as required under the PLRA. In fact, as Defendant accurately notes, Plaintiff's federal complaint predates the few grievances that have been filed (if not exhausted), such as those relating to smoking and working privileges and to mental health care and segregation. Mem. at 4, n.3.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Summary Judgment Motion No. 2 **(Doc. 68),** is hereby GRANTED in that all of Plaintiff's claims against all Defendants are hereby DISMISSED WITHOUT PREJUDICE;

**IT IS FURTHER ORDERED** that Defendants' other Summary Judgment Motions **(Docs. 64, 66, 71, 73, 75, 77, 79, and 95)** are hereby DENIED AS MOOT;

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Dismiss **(Doc. 92)** is DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE