# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL P. VESCO,

        Plaintiff,

v.                                                                 Civil No. 00-1805 WJ/LCS (ACE)

PATRICK SNEDECKER, et al,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION OF PAUL LIVINGSTON'S MOTION FOR RULE 11 SANCTIONS

THIS MATTER comes before the Court upon Plaintiff's Motion for Reconsideration of the denial of Paul Livingston's Motion for Rule 11 Sanctions Against the State's Attorneys, filed June 18, 2002 **(Doc. 115)**. On June 7, 2002, Plaintiff's motion for sanctions was denied (Doc. 114).[1]

Neither the Federal Rules nor the Local Rules of this Court provide for motions to reconsider. However, the Tenth Circuit has held that whether to grant or deny a motion for reconsideration is committed to the trial court's discretion. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider is not appropriate if the movant merely requests the Court to hear new arguments or supporting facts that could have been presented originally. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506

---

[1] The postural background of this motion can be obtained from the Memorandum Opinion and Order on Defendants' Motion for Attorney Fees and Costs. Given the Court's disposition of the instant motion, no response is required.

U.S. 828 (1992). However, a motion to reconsider is appropriate when the court has "obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." <u>Benedictine College v. Century Office Products</u>, 866 F.Supp. 1323, 1326 (D.Kan. 1994).

Neither situation is applicable with regard to the present motion. Mr. Livingston takes issue with the Court's statement that oral argument on his motion would be a waste of the Court's time. *See, Court's Order, Doc. 114*. That statement will not be reconsidered. While the Court had before it both Defendants' motion for attorney fees and Plaintiff's motion for Rule 11 sanctions, it was determined that a hearing was not warranted on the latter.[2]

Mr. Livingston states that the refusal to grant an evidentiary hearing on his motion for sanctions is a violation of his due process rights. This statement is incorrect, both legally and factually. A hearing is not always required, and was not required in this case. *Cook v. American Steamship Co.*, 134 F.3d 771, 774-75 (6th Cir. 1998) (due process is a flexible concept and the particular procedural safeguards required will vary depending upon all the circumstances). Further, Mr. Livingston misunderstands due process: it protects those *against* whom sanctions are sought, or imposed, not for the party moving for the sanctions. Thus, as the movant in the Rule 11 sanctions, he is not in a position to claim entitlement to any process. *See In re Mroz et al*, 65 F.3d 1567, 1575 (11th Cir. 1995) (due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. . . . In addition, *the accused* must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions

---

[2] In addition, aside from the utter lack of merit to his motion for sanctions, the substance of Mr. Livingston's argument in his motion for sanctions was essentially the same as his response to Defendants' motion for fees and costs.

2

and to justify his actions (emphasis added) (in context of exercising court's inherent powers));

*Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987) (a person sanctioned under 1927 is entitled to notice and an opportunity to be heard); *Donaldson v. Clark*, 819 F.2d 1551, 1559-60 (11th Cir.1987) (court must afford the *sanctioned party* due process, both in determining that the requisite bad faith exists and in assessing fees) (emphasis added) (discussing Rule 11 sanctions).[3]

I imposed sanctions upon Mr. Livingston at the June 4, 2002 hearing in deciding Defendants' motion for attorney fees and costs. Mr. Livingston was entitled to, and received, notice and an opportunity to be heard prior to the imposition of those sanctions. The Court's refusal to entertain oral argument on Mr. Livingston's motion for sanctions against Defendants was not a violation of due process -- because Mr. Livingston was not entitled to any process -- it was simply an expedient use of judicial resources.

Mr. Livingston notes an inconsistency in the Court's ruling, contending that where the Court accepted his denial of representation as a basis for denying standing to bring a Rule 11 motion, it should also absolve him from responsibility for attorney fees imposed as a sanction. *Mot. to Reconsider, at 3-4*. However, the Order denied the motion on another ground (*see Doc. 114*). I also noted that Plaintiff's motion for sanctions was untimely, as it was filed months after Defendants' dispositive motions were filed. *See Pendleton v. Central N.M. Correctional Facility*,184 F.R.D. 637, 640 (D.N.M.1999)(motion for Rule 11 sanctions ordinarily should be served after the offending pleading is filed) (citation omitted); *see also Fed.R.Civ.P. 11 advisory*

---

[3] In Civil No. 97-1348, Mr. Livingston also requested an evidentiary hearing where Rule 11 sanctions were sought *against* him. Even so, Chief Judge Parker denied the request and found that a hearing would provide "no additional useful information to the Court" since Mr. Livingston had "full and unrestricted opportunity to present information and argument. . . in his response to the Order to Show Cause. . . ." *See* Court's Order, Doc. 38.

*committee notes, 1993 Amendments.*

Finally, sanctions under Rule 11 are premised on representations made to the Court in claims or pleadings. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir.1998) (court conducts two-part inquiry on "whether the party's claims are objectively frivolous and whether the person who signed the pleadings should have been aware that they were frivolous"). Mr. Livingston's characterization of Defendants' dispositive motions as "phony" renders his motion patently baseless.[4]

Since there was not a shred of merit to Plaintiff's motion for Rule 11 sanctions, there is none to his motion to reconsider.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of the denial of Paul Livingston's Motion for Rule 11 Sanctions Against the State's Attorneys (**Doc. 115**) is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[4] As discussed in the Court's Order addressing Defendants' Motion for Attorney Fees and Costs, Mr. Livingston failed to respond to any of the eight dispositive motions, which were neither unnecessary or frivolous.