# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MICHAEL P. VESCO,

      Plaintiff,

v.                                                                    Civil No. 00-1805 WJ/LCS (ACE)

PATRICK SNEDECKER, et al,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court upon an Amended Motion by State Defendants For an Order Releasing Portion of Funds Currently Held in Escrow to the state Defendants in Satisfaction of this Court's Judgment of July 12, 2003 (Doc. 119) and for Injunctive Relief Against Attorney Paul Livingston Pursuant to the All Writs Act, filed September 23, 2003 **(Doc. 173)**. The Court also addresses Defendants' Application for Attorney Fees and Costs as Ordered by this Court in its Order Denying Motions for Reconsideration, filed August 20, 2003 **(Doc. 168)**.

      The long procedural history of this case is set out in detail in Defendants' motion. A synopsis of the background events is helpful to provide a context and basis for my rulings on the motions. This case both ended and began when the Court granted Defendants' summary judgment motion in the underlying civil rights case brought by a prison inmate against Defendants. Following a hearing on June 4, 2002, the Court granted Defendants' motion for attorney fees and costs in the amount $26,769.78, against Paul Livingston, Esq., who represented the plaintiff,

based on his conduct during the litigation in the case. Doc. 118, 119.[1] Since that time, Mr. Livingston has engaged in a flurry of post-judgment motions for reconsideration (which were denied) and dilatory tactics which have prevented Defendants from being able to collect the amount of attorney fees awarded by the Court, including failing to appear for a Rule 45 deposition subpoena duces tecum pursuant to Fed. R. Civ.P. 669(a) in aid of collection on the judgment. On September 27, 2002, I referred the case to Magistrate Judge Leslie Smith to recommend an ultimate disposition of Defendants' motion for an order holding Mr. Livingston in contempt of Court for failing to appear at his deposition.  On October 1, 2003, the case was referred to Magistrate Judge Smith to recommend ultimate disposition of all post-judgment matters. Doc. 129.  Judge Smith held a hearing on December 10, 2002 pursuant to this referral, and found that Mr. Livingston could purge contempt by appearing for deposition on January 2, 2003. Doc. 141. Mr. Livingston did not appear for that deposition.  On January 9, 2003, Judge Smith certified facts to hold Mr. Livingston in contempt and awarded Defendants $3,096.76 in attorney's fees and costs. Doc. 151.[2]

On December 8, 2002, Mr. Livingston filed a motion to disqualify the undersigned. Doc. 136.  That motion was denied. On January 29, 2003, based on Judge Smith's certified facts, I entered an order to show cause directing Mr. Livingston to appear at a hearing and explain why

---

[1] Fees were imposed as a form of sanction under 28 U.S.C. § 1927. The Court's Memorandum Opinion and Order considered Mr. Livingston's conduct in the present case as well as past warnings and sanctions imposed against him by other judges for similar conduct.

[2] Mr. Livingston filed objections to the order certifying facts to hold him in contempt as well as to Judge Smith's Order awarding Defendants $3,096.76 in fees. Docs. 152,153. Mr. Livingston also filed motions to reconsider rulings on the Court's denial of his motion for Rule 11 sanctions against Defendants, and the Court's award of fees to Defendants. Docs.115, 120.

2

he should not be held in contempt.  Prior to the hearing, the parties entered into an agreement in which the funds relating to Defendants' post-judgment award of fees would be put into escrow. Doc. 159.  Defendants now seek to release that portion of the funds held in escrow in order to collect on the judgment of attorney fees. See Doc. 119.

At the time the present motion was filed, Mr. Livingston had filed two notices of appeal.[3] Since that time, Mr. Livingston has filed a third appeal.  I find, however, that neither of the notices of appeal is sufficient to preclude this Court from exercising its authority to rule on the Defendants' motion, and finally put this matter to rest.  Mr. Livingston's first appeal was from the Court's Order granting summary judgment, from the Order and Judgment which granted Defendants attorney fees, and from the Court's denial of his motion to reconsider the award of sanctions. Doc. 125. On August 30, 2002, the appeal was dismissed by the Tenth Circuit for lack of prosecution. Doc. 134.

On September 8, 2003, Mr. Livingston filed a second notice of appeal (Doc. 170) from the same court orders which were the subject of his first appeal (Docs. 118, 119 and 124).  He also appealed from the Court's denial of his *second* motion to reconsider the award of sanctions (the denial of his first motion to reconsider the award of sanctions was part of the first appeal which had been dismissed) (Doc. 167), and from the Court's "failure to rule" on a pending motion.[4]  A third notice of appeal was filed on October 31, 2003 (Doc. 177), appealing this Court's ruling on the motion to disqualify. Both appeals are pending. Defendants maintain that,

---

[3] I also note that, true to form, Mr. Livingston has not responded to Defendants' motion.

[4] This second notice of appeal did not become effective until the Court ruled on the pending motion. See Fed.R.App.P. 4(a)(4)(B)(i).

3

notwithstanding the pending appeals, this Court has jurisdiction over their motion to collect the funds from the escrow account. I agree, and further agree with Defendants' characterization of Mr. Livingston's appeals as attempts to avoid having to "face the music" and comply with the Court's Order and Judgment awarding fees to Defendants.

**I.      Motion to Release Funds in Escrow Account**

Generally, the timely filing of a notice of appeal divests the district court of any further authority of those aspects of the case on appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Norman v. Young, 422 F.2d 470, 474 (10th Cir. 1970). However, where an appeal is patently frivolous by reason of "untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise," a district court may ignore a notice of appeal if the order appealed from is obviously non-final. Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 343 (10th Cir. 1976). Otherwise, a litigant "could temporarily deprive a court of jurisdiction at any and every critical juncture." Id.  Since the dismissal of his first appeal, Mr. Livingston's other appeals revisit issues already appealed and dismissed, and include this Court's denial of repeat motions to reconsider on the same matters where the first denial had already been appealed.  The timing of Mr. Livingston's notices of appeals appear to coincide with Defendants' attempts to collect on a judgment or request an award of fees.

I find that Mr. Livingston's second notice of appeal filed September 8, 2003 (Doc. 170) is frivolous. The matters appealed either had been previously appealed and dismissed, or were non-appealable. U.S. v. Dunham, 23 Fed.Appx. 624, 625 (8th Cir. 2002) (after appeal has been dismissed for failure to prosecute, "there is no remedy for default except by order of the court"); Lemonds v. St. Louis County, 222 F.3d 488, 495 (8th Cir.2000) (explaining that res judicata

addresses the impropriety of allowing parties to have "two bites at the apple"), cert. denied, 531 U.S. 1183 (2001).

Mr. Livingston's last appeal, filed on October 31, 2003, was filed about one month after Defendants filed the present motion, and shortly after this Court's denial of the pending motion to disqualify. See Court's Order, Doc. 174.  Because the motion to disqualify was a post-judgment motion, Mr. Livingston's notice of appeal has no effect on this Court's jurisdiction to proceed on Defendant's present motion. Federal courts have repeatedly held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post judgment motion or a motion on a collateral matter, such as attorney fees. See Morgan v. Union Metal Mfg., 757 F.2d 792, 794 (6th Cir.1985) (regarding post judgment motion for attorneys fees).  In fact, the majority of post-trial motions render the underlying judgment nonfinal, both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction). Stone v. I.N.S. 115 S.Ct. 1537 (1995).  Since the Court's ruling on the underlying case on July 12, 2003 (Docs. 118 and 119), all of Mr. Livingston's motions have been post-judgment motions -- and therefore all of his appeals since his first appeal on the underlying case -- have been appeals on post-judgment motions.

Therefore, I find that Mr. Livingston's appeals are frivolous, and that this Court has jurisdiction to proceed on the merits of Defendants' motion. The language of the stipulated agreement between the parties[5] allowed that neither party had access to the $30,000.00 that was

---

[5] This agreement, captioned as "Stipulated Agreement Concerning Escrow of Funds Stemming from Judgment and Post-Judgment Award Against Attorney Paul Livingston," was filed with the Court on February 25, 2003 (Doc. 159) and is attached as Exhibit 11 in Defendants'

deposited in the escrow account prior to Mr. Livingston's exhaustion of his "appellate and/or district court rights, if any." This point of time has occurred. Mr. Livingston cannot indefinitely postpone the inevitable by filing a notice of appeal at every turn in an effort to keep the Court at bay and Defendants on hold from collecting the judgment.

## II.     Request for Injunctive Relief

Defendants request that the Court exercise its inherent power to enjoin Mr. Livingston from filing further applications in this Court unless the Court reviews Mr. Livingston's application first, and approves its filing. Because Mr. Livingston is at present a licensed attorney, I find that a more appropriate approach to curbing Mr. Livingston's abusive practices would be for the Court to refer the matter to the Court's Admissions and Grievances Committee, and to suggest to the Defense Counsel that they may want to consider referring the matter to the Disciplinary Board's Grievance Committee.[6]

## III.    Application for Attorney Fees and Costs (Doc. 168)

I now turn to Defendants' Application for Attorney Fees and Costs. After having once appealed the Court's denial of his motions to reconsider both the dismissal of the underlying case and the award of sanctions, Mr. Livingston filed a second set of motions to reconsider (Docs. 160, 161). In the Court's Order denying those motions, I found that Defendants were entitled to

---

motion.

[6] Although New Mexico law allows this Court to suspend Mr. Livingston from appearing or practicing before the undersigned "as a necessary incident to its organization," see State v. Ngo, 27 P.3d 1002 (quoted case omitted), a hearing would be necessary before the Court could suspend Mr. Livingston from practicing before other judges in this district. However, under Rule 17-102, NMRA 2001, only the New Mexico Supreme Court has the power to admit or suspend attorneys from the practice of law.

be "reimbursed for their time and expense in having to respond yet again to the same issues." Court's Order, Doc. 167, at 5.

A reasonable fee is determined by arriving at a "lodestar" amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services." Id. The district court may either accept the lodestar as the reasonable amount to award the prevailing party, or the court may adjust the lodestar upward or downward, depending on the circumstances of the case. There is no precise rule or formula; the court has discretion in making this equitable judgment. Id. at 436-37.

Defendants' requested hourly rate of $115.00 is reasonable.  However, I find that the number of hours counsel spent in responding to Mr. Livingston's motions to reconsider is higher than what would be considered reasonable.  The motions had essentially been presented to the Court previously, and thus responded to previously. Although the new motions to reconsider required some independent research on new issues (such as preclusion doctrines), I find that more than 22 hours of research on these and other legal issues to be excessive.[7]  Counsel requests a total of $8,331.94, including $77.25 in costs (copy charges) and $457.69 in gross receipts tax ($457.69).  I find that a reasonable award of fees would be $5,000.00.

**THEREFORE,**

**IT IS ORDERED** that the Amended Motion by State Defendants For an Order Releasing Portion of Funds Currently Held in Escrow to the state Defendants in Satisfaction of this Court's

---

[7] At the hourly rate requested, counsel seeks reimbursement of over $2500.00 for research alone.

Judgment of July 12, 2003 (Doc. 119) and for Injunctive Relief Against Attorney Paul Livingston Pursuant to the All Writs Act **(Doc. 173)** is hereby GRANTED in part.  IT IS ORDERED that $26,769.79 of the funds currently held in escrow at the Bank of the West under account number 295-250351, together with interest therein, be released to the State Defendants in satisfaction of this Court's judgment on July 12, 2002;

**IT IS FURTHER ORDERED** that the Court will take no action regarding Defendants' request that Mr. Paul Livingston be enjoined from filing further applications other than what the Court stated on Page 6 of this Opinion.

**IT IS FURTHER ORDERED** that the original Motion by State Defendants for Order Releasing Portion of Funds Currently Held in Escrow to the State Defendants in Satisfaction of this Court's Judgment of July 12, 2002 (Doc. 119) and for Injunctive Relief Against Attorney Livingston **(Doc. 172),**[8] is DENIED AS MOOT;

**IT IS FINALLY ORDERED** that Defendants' Application for Attorney Fees and Costs as Ordered by this Court in its Order Denying Motions for Reconsideration **(Doc. 168)** is hereby GRANTED IN PART in that Defendants are awarded fees and costs in the amount of **$5,000.00**.

_____
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 172 is the original motion, which is rendered moot by this Court's ruling on Doc. 173, the amended motion.